**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| LESLIE J. KLASS, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 04-2337 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

On September 14, 2005, Plaintiff Leslie J. Klass filed a motion to modify the Court's September 7, 2005 Order. Mot. (doc. 22). The Order Klass seeks to have modified denied her motion to remand this case back to state court. Order (doc. 21) at 5. The Court's decision to deny the request for remand was based on Klass' denial of an admission stating that she intends to seek less than $75,000 in damages in this matter. Id.

In the current motion before the Court, Klass requests that the September 7, 2005 Order be modified to permit "an immediate appeal to be taken pursuant to 28 U.S.C. § 1292(b)." Mot. (doc. 22).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Klass argues that "[b]ecause in every case jurisdiction is a controlling threshold issue and lack of jurisdiction would be dispositive with respect to this proceeding, an immediate appeal may materially advance the ultimate termination of the litigation in District Court."  Mot. (doc. 22).

The Court is not of the opinion that its order denying Klass' motion for remand involves a controlling question of law as to which there is substantial ground for difference of opinion.  It is clear that the $75,000 jurisdictional threshold has not been met.  Thus, the Court shall deny Klass' motion to modify the order to allow for an immediate interlocutory appeal of the matter.

Therefore,

IT IS ORDERED that Klass' Motion to Modify Order (doc. 22) is DENIED.

DATED this 4th day of April, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

1  Copies to counsel of record

- 3 -